1. The declaration negatived the seizin and right to convey, which was sufficient. *Martin* v. *Baker*, 5 Blackf. 232.—Rawle on Cov. for Tit. 84, 85. It might be good on the covenant against incumbrances, also, as it states the title to be in *McGill*. Rawle, *supra*, 147. The covenants of seizin and the right to convey are synonymous. *Id.* 127–130. The latter is broken by an "absence in the vendor of the right to convey." *Id.* 130. Actual seizin is not sufficient. without regard to the right. *Id.* 80. See, especially, *Parker* v. *Brown*, 15 New Hamp. R. 176; *Lockwood* v. *Sturdevant*, 6 Conn. R. 374; *Howell* v. *Richards*, 11 East, 633; Rawle on Cov. for Tit. 50, 52, 60; 4 Kent, 471.

2. It is well settled that a mere notice, or even a parol agreement cannot control the covenants in a deed, in such an action as this. Rawle on Cov. for Tit. 150 to 155.—*Townsend* v. *Weld*, 8 Mass. R. 146.—*Harlow* v. *Thomas*, 15 Pick. 70.—*Keith* v. *Day*, 15 Vt. R. 660.—*Hubbard* v. *Norton*, 10 Conn. R. 431. —*Batchelder* v. *Sturgis*, 3 Cush. 203.—10 Wend. 184.—11 Ill. R. 194.—1 Ala. R. 646. Nor can mere words of reference to the source of the title control or modify the covenants. Rawle, *supra*, 527, and authorities there cited.—*Hubbard* v. *Apthorp*, 3 Cush. 419.—*Mills* v. *Catlin*, 22 Vt. R. 98.—*Cooke* v. *Founds*, 1 Levinz, 40. This last case is much like that at bar.

---

HENBY *v.* THE TRUSTEES OF RIPLEY TOWNSHIP.

Landholders cannot erect gates upon the township highways, as contemplated by § 35, 1 R. S. p. 314, unless the township trustees authorize it by providing the proper regulations.

APPEAL from the *Rush* Circuit Court.

HANNA, J.—Application having been made by petition to the board of trustees of *Ripley* township, in the county of *Rush*, for opening a township road passing through the lands of *Henby*, the appellant, he remonstrated. His remonstrance was overruled, when he prayed to have his damages assessed, which was done, and the road was ordered to be opened. He then applied for leave to erect

Nov. Term,
1857.

HENBY
v.
THE TRUS-
TEES, &c.

swinging gates across said road on his own land, which application the trustees refused. He appealed to the board of commissioners of *Rush* county, where the decision of the township trustees was affirmed; and on appeal to the Circuit Court, a like result ensued. He brings the case to this Court upon a single question, to be resolved upon a proper construction of § 35, 1 R. S. p. 314, which reads as follows:

"Any person may have swinging gates put on such township highways on his own land under such regulations as such trustees shall prescribe, but in such case he shall keep the same in a condition to be opened by persons on horseback; and any person leaving any such gate open, for every such offense shall be liable to a fine of one dollar, to be recovered before a justice of the peace."

There can be but little doubt about the construction that ought to be given to this section, when we look carefully to its language. Such gates are put up "under such regulations as such trustees shall prescribe." Without the trustees thus act—thus prescribe regulations—a landholder has no authority to construct and maintain such gates. He cannot act of his own volition, and without their authority. And if not, why ask their authority, if they are compelled by law to make the grant? This Court decided, in the case of *The State* v. *Dunning*, 9 Ind. R. 20, that the governor had no power to remit a forfeiture until the legislature had "prescribed the regulations," &c. The reasoning upon that point in that case is conclusive in this case.

*Per Curiam.*—The judgment is affirmed with costs.

*G. C. Clark*, for the appellant.

*A. W. Hubbard* and *L. Sexton*, for the appellees.